UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 08-10018-NMG

UNITED STATES OF AMERICA

v.

ROBERT DUNBAR

**MEMORANDUM AND ORDER RE:
MOTION TO APPOINT COUNSEL
(DOCKET ENTRY # 38)**

**May 31, 2011**

**BOWLER, U.S.M.J.**

In connection with a post conviction motion to vacate under 28 U.S.C. § 2255 ("section 2255"), defendant Robert Dunbar ("the defendant") seeks appointment of counsel. (Docket Entry # 38). In November 2008, the defendant pled guilty to a one count Indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). On April 30, 2009, the court sentenced the defendant who thereafter filed an appeal challenging the sentence. The defendant is represented on appeal by counsel and the appeal remains pending in the First Circuit.

DISCUSSION

There is no constitutional right to appointment of counsel beyond the direct appeal of a criminal conviction. Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see Ellis v. U.S., 313 F.3d 636, 652 (1st Cir. 2002) (noting in section 2255 proceeding that "convicted criminal has no constitutional right to counsel with respect to habeas proceedings"); see also Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I. 1990) (constitution does not mandate representation after trial and first appeal). Rather, appointment of counsel in a collateral attack on a criminal conviction is discretionary.[1] Heath v. United States Parole Commission, 788 F.2d 85, 88 (2nd Cir. 1986). In particular, under 18 U.S.C. § 3006A(a)(2) ("section 3006A(a)(2)"), a court may appoint counsel for a financially eligible person seeking section 2255 relief in the interests of justice. Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who-- . . .
>
>   (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2).

---

[1] Appointment of counsel, however, is mandatory where the district court conducts an evidentiary hearing. See Rule 8(c), 28 U.S.C. foll. § 2254; cf. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (appointment of counsel discretionary where no evidentiary hearing required).

The rare cases warranting appointment of counsel in the interests of justice often involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts. See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion); see also Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his investigative abilities); see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in appointing counsel under section 3006A(a)(2)).

The section 2255 motion attacks the effectiveness of trial counsel for four reasons. The underlying facts, such as the absence of a memorandum to support the defendant's contention that he is not a career criminal or that trial counsel made a representation that he would not receive more than ten years incarceration, are straight forward. The complexity of the issues is not extraordinary. On balance, the circumstances do not warrant appointment of counsel in the interests of justice.

CONCLUSION

It is therefore **ORDERED** that the motion for appointment of counsel (Docket Entry # 38) is **DENIED.**

                                 /s/ Marianne B. Bowler
                                 **MARIANNE B. BOWLER**
                                 United States Magistrate Judge