UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 08-10018-NMG

UNITED STATES OF AMERICA

v.

ROBERT DUNBAR

**REPORT AND RECOMMENDATION RE:
MOTION TO VACATE, SET ASIDE AND OR CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255
(DOCKET ENTRY # 32)**

**August 4, 2011**

**BOWLER, U.S.M.J.**

Pending before this court is a pro se motion to vacate, set aside and or correct a sentence pursuant to 28 U.S.C. § 2255 ("section 2255") filed by petitioner Robert Dunbar ("petitioner" or "Dunbar"). (Docket Entry # 32). On February 22, 2011, the United States of America ("the government") filed a response to the section 2255 motion. (Docket Entry # 35).

The motion sets out four grounds for vacating the sentence. (Docket Entry ## 32 & 35). First, petitioner submits that he received ineffective assistance at his sentencing hearing.

Specifically, petitioner claims his defense counsel was ineffective because she informed him that he would not receive a sentence of more than ten years. Second, petitioner claims that defense counsel was ineffective for failing to move to vacate his prior convictions. Third, petitioner claims that his defense counsel was ineffective for not filing a memorandum of law arguing that he was not a career offender. Fourth, petitioner claims that defense counsel was ineffective because she failed to inform him of his rights to appeal. (Docket Entry # 32).

An evidentiary hearing is not required. As discussed below, even accepting petitioner's statements of facts as true to the extent not contradicted by the record, petitioner is not entitled to relief. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (setting forth evidentiary hearing standard in section 2255 proceeding); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1983) (stating "court need not give weight to conclusory allegations"); Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989) (hearing not necessary if section 2255 motion "is conclusively refuted as to the alleged facts by the files and records of the case"). Petitioner does not request an evidentiary hearing and fails in his burden to establish the need for such a hearing. See United States v. McGill, 11 F.3d at 2255 proceeding). The motion to vacate (Docket Entry # 32) is therefore ripe for review.

2

BACKGROUND[1]

On November 24, 2008, Dunbar pled guilty to a one count Indictment charging bank robbery in violation of 18 U.S.C. § 2113(a). (Docket Entry # 45, Ex. A). The district court accepted the plea and conducted the necessary colloquy. (Docket Entry # 45, Ex. A). During the plea colloquy, Dunbar answered affirmatively that he was fully satisfied with his defense counsel and the representation and advice given to him by defense counsel. (Docket Entry # 45, Ex. A). Dunbar also acknowledged that no promises or assurances were made that would lead him to plead guilty. (Docket Entry # 45, Ex. A).

Furthermore, Dunbar confirmed that he understood the charges against him and that he faced a maximum of up to 25 years in prison. (Docket Entry # 45, Ex. A). Dunbar acknowledged that the district judge had the discretion to impose a sentence that was more severe or less severe than the maximum guideline sentence. (Docket Entry # 45, Ex. A).

On March 4, 2009, the probation department submitted a draft presentence report ("PSR"). (Docket Entry # 30). Neither party

---

[1] "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits." United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995) (further noting that facts in unsworn memorandum "will not suffice"), reversed on other grounds, 520 U.S. 751 (1997); accord United States v. Jordan, 2000 WL 761766 at *2 (D.Me. April 10, 2000). The record therefore includes the affidavit filed by the government. (Docket Entry # 43).

3

objected to the draft PSR and a final PSR was submitted to the district judge on April 9, 2009. (Docket Entry # 30). Sentencing was scheduled for April 30, 2009. (Docket Entry # 30).

At the sentencing hearing, the district judge determined that Dunbar had four qualifying predicate offenses that qualified him as a career offender. (Docket Entry # 30). Although Dunbar's defense counsel questioned whether one of the four predicates was a qualifying offense, this issue was not argued by defense counsel in light of the fact that Dunbar had at least three other predicate convictions. (Docket Entry # 30). Both parties agreed that Dunbar was a career offender and there were no objections made on record. (Docket Entry # 30).

Defense counsel recommended that the district judge impose a sentence of ten years, with a one year downward departure to account for the time Dunbar had already served in connection with state court convictions. (Docket Entry # 30). The government, however, argued for a sentence of 170 months followed by 36 months of supervised release. (Docket Entry # 30). Thereafter, the district judge sentenced Dunbar to a total term of 158 months in prison followed by 36 months of supervised release. (Docket Entry # 30). The district judge also informed Dunbar about his right to appeal. (Docket Entry # 30).

## DISCUSSION

1. <u>Section 2255 Review</u>

Section 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." <u>David v. United States</u>, 134 F.3d at 474 (citing <u>Hill v. United States</u>, 368 U.S. 424, 426-427 (1962)). The fourth category "includes only assignments of error that reveal 'fundamental defects' which, if uncorrected, will 'result in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" <u>David v. United States</u>, 134 F.3d at 474. Stated otherwise, "apart from claims of constitutional or jurisdictional nature, a cognizable section 2255 claim must reveal 'exceptional circumstances' that make the need for redress evident." <u>Id.</u>

Petitioner bears the burden of establishing the need for section 2255 relief. <u>Id.</u> Specifically, a petitioner must establish that his conviction was imposed in violation of the Constitution or the laws of the United States involving a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with rudimentary demands of fair procedure." <u>Hill v. United States</u>, 368 U.S. at 426-427. To obtain relief under section 2255,

5

petitioner "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

II. Ineffective Assistance of Counsel Claims

The well established test of Strickland v. Washington, 466 U.S. 688 (1984), governs Sixth Amendment ineffective assistance of counsel claims. To succeed under Strickland, petitioner must demonstrate that his attorney's performance was constitutionally deficient and concomitant prejudice. United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (ineffective assistance of counsel claim in section 2255 proceeding); accord Phoenix v. Matesanz, 233 F.3d 77, 81 (1st Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362, 390 (2000)). An attorney's performance is deficient where it is "so inferior as to be objectively unreasonable." United States v. McGill, 11 F.3d at 226. Moreover, "'Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Lopez-Nieves v. United States, 917 F.2d 645, 649 (1st Cir. 1990) (quoting Strickland v. Washington, 466 U.S. at 690). For example, under the deficient performance prong, an attorney renders ineffective assistance where he fails to "raise an important, obvious defense without any imaginable strategic or tactical reasons for omission." Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999) (failure of attorney to

6

raise government's untimely filing of information seeking sentence enhancement was deficient inasmuch as the claim "was a clear winner and presenting it would have risked nothing").

Applying the Strickland standard, the First Circuit in Natanel emphasized, "The Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of a reasonably effective assistance under circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991); accord Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); see also United States v. McGill, 11 F.3d at 227 ("to avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily be right, so long as it is reasonable"); Taveras v. United States, 230 F.Supp.2d 126, 132 (D.Mass. 2001) (observing that the Sixth Amendment "guarantees proficient as opposed to perfect representation").

Petitioner's first claim alleges that his defense counsel was ineffective for informing petitioner that he would not receive more than a ten year sentence. The record, however, belies the existence of such a statement by defense counsel. Defense counsel submitted an affidavit declaring that she never informed petitioner that he would not get a sentence of more than ten years. (Docket Entry # 43). Instead, defense counsel explained to petitioner that she would advocate for a ten year

7

sentence, but that the government would argue for more time. (Docket Entry # 43). Defense counsel informed petitioner that the low end of the sentencing guidelines was 151 months and that it would be difficult to get a sentence below 151 months. (Docket Entry # 43).

Even assuming, for purposes of argument, that petitioner was told that he would not receive a sentence of more than ten years he cannot obtain section 2255 relief. During the plea colloquy in open court, petitioner confirmed that he understood the charges and that if he plead guilty to those charges that he faced the possibility of a 25 year term of incarceration. Furthermore, petitioner was told prior to changing his plea that the district judge was not bound to sentence him within the range prescribed in the sentencing guidelines or even based upon the factors contained in those guidelines. Petitioner answered affirmatively that he understood that the district judge could impose a sentence that is more severe or less severe than that called for in the sentencing guidelines. Furthermore, at the plea colloquy, petitioner denied that "anyone made any promise or assurance to [him] of any kind in an effort to make [him] plead guilty in this case." (Docket Entry # 45).

Such statements during the plea colloquy "'carry a strong presumption of verity,'" United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1997), and discount petitioner's self-

serving account of defense counsel's statement that petitioner would not receive more than a ten year sentence. In addition, petitioner fails to allege, much less make an adequate showing, of prejudice with respect to the aforementioned promise and misrepresentation by defense counsel. Accordingly, the first claim does not provide a basis for section 2255 relief.

Turning to petitioner's second claim, he alleges that defense counsel was ineffective for failing to seek to vacate prior convictions. Here, the district judge determined that petitioner had four prior felony convictions that were all predicates that would establish him as a career offender. The district judge also made clear that only two predicates were necessary in order for the career offender guidelines to apply. (Docket Entry # 30). Defense counsel still attempted to take the position at sentencing that one of the four predicates was potentially infirm. Defense counsel reasonably chose not to press this point, however, because petitioner had three other career offender predicate convictions.

Defense counsel did not object to the final PSR which set out four predicate convictions. Defense counsel also discussed with petitioner that he only needed two predicate offenses to be a career offender and that she did not think it was possible to convince the district judge to vacate three of the predicate offenses to avoid enhancement. (Docket Entry # 43). There is no

reason to believe that three of petitioner's four convictions that qualify as career offender predicates could be vacated. Therefore, defense counsel's decision not to attempt to vacate his prior convictions was objectively reasonable and resulted in no prejudice to petitioner.

Petitioner makes a third claim that defense counsel was ineffective for failing to file a memorandum arguing that he was not a career offender. Petitioner fails to demonstrate deficient performance and prejudice. The evidence undeniably establishes that petitioner qualified as a career offender. The district judge found that petitioner had a lengthy criminal history that included convictions in 1998, 2002 and two convictions in 2003. (Docket Entry # 30). Thus, it is neither ineffective nor prejudicial that defense counsel failed to file a memorandum arguing a futile point. Petitioner cannot demonstrate that there is a reasonable probability that had defense counsel filed a memorandum arguing that petitioner was not a career offender the result of the proceeding would have been different. Even assuming that defense counsel made an error or omission, there is nothing in the record to suggest that there is any probability that the outcome would have been different.

Petitioner makes a fourth argument that defense counsel was ineffective because she did not inform him about his right to appeal. Petitioner's claim lacks support in the record. By

10

affidavit, defense counsel attests that she not only informed petitioner of his right to appeal, but she also advised him to appeal his sentence. In fact, defense counsel filed a notice of appeal on petitioner's behalf. The appeal is currently pending and petitioner was also informed of his right to appeal by the district judge immediately after the pronouncement of the sentence.

## CONCLUSION

In accordance with the foregoing discussions, this court **RECOMMENDS**[1] that the section 2255 motion (Docket Entry # 32) be **DENIED**.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.